

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2005

# Kowalski v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kowalski v. Comm Social Security" (2005). *2005 Decisions.* Paper 1576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1660

———————————

SHARON KOWALSKI, Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-01327)
District Judge: The Honorable William W. Caldwell
———————————

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2004

Before: NYGAARD and GARTH, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

(Filed January 6, 2005)
———————————

OPINION OF THE COURT

———————————

POLLAK, District Judge.

In this case, we are asked to review the opinion of Magistrate Judge Thomas M.

———————————

[*]Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

Blewitt, adopted by Judge William W. Caldwell of the United States District Court for the Middle District of Pennsylvania. Magistrate Judge Blewitt affirmed the opinion of an Administrative Law Judge (ALJ) denying social security benefits to Sharon Kowalski, appellant herein.

## I. Background

Ms. Kowalski is a fifty-three year old woman who suffers from a left knee impairment that, in May 2000, necessitated total replacement surgery. Ms. Kowalski filed a first application for Disability Insurance Benefits and Social Security Income Benefits on October 15, 1997. That application was denied on December 17, 1998, and Ms. Kowalski did not appeal. She filed a second application on April 10, 2001, alleging an inability to work since September 1, 1997. As the ALJ found, however, evaluation of her candidacy for benefits could date back no further than December 18, 1998, the day after her first application was denied. The ALJ found further that Ms. Kowalski was insured for benefits only through September 30, 2001. As such, the relevant period of evaluation spanned from December 18, 1998 through September 30, 2001.

The ALJ proceeded through the five-step sequential analysis according to which

eligibility for disability benefits is evaluated. <u>See</u> 20 C.F.R. § 404.1520.[1] At step three,

the ALJ found that Ms. Kowalski's impairment did not meet or equal a listed impairment.

---

[1]20 C.F.R. § 404.1520 provides:

The sequential evaluation process is a series of five "steps" that we follow in a set order. If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. (See paragraph (e) of this section.) We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps. These are the five steps we follow:

(I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §§ 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and §§ 404.1560(b).)

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

3

Moving on to step four, the ALJ determined that Ms. Kowalski could not perform her past work but, at step five, the ALJ adopted the testimony of a vocational expert that there existed a significant number of jobs in the national economy that Ms. Kowalski could perform despite her knee problems. As such, the ALJ found that Ms. Kowalski was not disabled and he denied her application.

Ms. Kowalski requested that the Social Security Appeals Council review the ALJ's decision, and the Council denied her request, rendering the ALJ's decision the final decision of the Commissioner for purposes of judicial review, see Sims v. Apfel, 530 U.S. 103, 106 (2000). Ms. Kowalski then filed a complaint in the United States District Court. Her case was reviewed initially by Magistrate Judge Blewitt, who authored a Report and Recommendations (R & R) that was adopted by Judge Caldwell of the District Court despite Ms. Kowalski's objections. This timely appeal followed.

## II. Discussion

"We review the ALJ's decision under the same standard as the District Court, to determine whether there is substantial evidence on the record to support the ALJ's decision." Burnett v. Commissioner, 220 F.3d 112, 118 (3d Cir. 2000).  See 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v.

4

Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citing Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) ).

On appeal, Ms. Kowalski first contends that the Magistrate Judge erred when he concluded that the ALJ had fully explained his reasoning at step 3, where he found that Ms. Kowalski's impairment did not meet or equal any listed impairments that would render her disabled per se. Second, Ms. Kowalski argues that the Magistrate Judge erred when he made his own comparison of the evidence to the listed impairments, rather than remanding the case for further fact-finding by the ALJ. Third, Ms. Kowalski maintains that the Magistrate Judge erred in concluding that the ALJ considered all of the evidence and in affirming the ALJ's finding that Ms. Kowalski was not entitled to a closed period of disability from December 18, 1998 to May 1, 2000. Finally, Ms. Kowalski argues that the Magistrate Judge erred when he engaged in his own analysis as to whether Ms. Kowalski was entitled to a closed period of disability.

A. Step Three: Whether the ALJ Adequately Supported His Finding that Ms. Kowalski Was Not Per Se Disabled

As Ms. Kowalski correctly notes, an ALJ must do more than just state his conclusion; "he must set forth the reasons for his decision," Burnett, 220 F.3d at 119. Thus, in Burnett, this court vacated a decision by the ALJ containing no more than the conclusion from his step three analysis; the court remanded the case for a discussion of the evidence and an explanation of reasoning supporting the ALJ's step three

5

determination. 220 F.3d at 120.

Ms. Kowalski maintains that the ALJ's step three determination suffers from the same defect as did the determination at issue in <u>Burnett</u>, and that remand is thus appropriate. In <u>Burnett</u>, the ALJ's entire step three analysis consisted of the following statement: "'Although [Burnett] has established that she suffers from a severe musculoskeletal [impairment], said impairment failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart P of Social Security Regulations No. 4.'" 220 F.3d at 119 (citing the ALJ opinion). The ALJ did not list the specific impairments with which he had compared Ms. Burnett's impairment, nor did he discuss the evidence in light of the listed impairments. The court referred to the ALJ's analysis as "hopelessly inadequate" since it provided the court with nothing to review. <u>Id.</u> At 120.

Confronting challenges to step three analyses in the wake of <u>Burnett</u>, this court has been at pains to circumscribe its holding. <u>See, e.g.</u>, <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir., 2004). In <u>Jones</u>, the court stated that "<u>Burnett</u> does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of <u>Burnett</u> is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." 364 F.3d at 505.

The ALJ's decision in this case is sufficiently reasoned to allow for meaningful judicial review. Unlike in <u>Burnett</u>, the ALJ here did list the sections describing the impairments to which he compared Ms. Kowalski's condition. Moreover, he devoted over

6

two pages of his opinion to a discussion of the evidence, focusing in particular on the range of motion of Ms. Kowalski's left knee, impairment of which is a prerequisite for one of the listed disabilities, see Appendix 1, Section 1.02. Finally, the ALJ stated that "[i]t is important to note that no treating physician has determined the claimant [Ms. Kowalski] to be disabled." AR at 16. Substantial evidence thus supported the ALJ's determination that Ms. Kowalski did not have an impairment that met or equaled one of the listed impairments, and the ALJ presented this evidence in the course of his opinion. Accordingly, his step three determination was not based upon a conclusory statement and the Magistrate Judge did not err in upholding this determination.[2]

B. The Magistrate Judge's Review of the ALJ's Step Three Analysis

Ms. Kowalski contends that, to respond to her attack on the ALJ's inadequate step three reasoning, the Magistrate Judge conducted his own step three analysis, thereby contravening the basic principle that district courts may not make findings of fact to supplement those of the Commissioner, see, e.g., Grant v. Shalala, 989 F.2d 1332 (3d Cir., 1993). Yet, while it is true that the district court (or the magistrate judge whose findings the district court adopts) may not engage in fact-finding, it is commonplace for the district court to go beyond the ALJ's decision and look to the record in order to determine whether substantial evidence supported the ALJ's findings. See, e.g., McCrea

---

[2]It is also worth noting, as appellees urge us to do, that Kowalski fails to indicate which of the listed impairments she would allegedly satisfy.

v. Comm'r of Soc. Sec., 370 F.3d 357 (3d Cir., 2004); Jones v. Barnhart, 364 F.3d 501 (3d Cir., 2004). Indeed, this is just what substantial evidence review requires. See, e.g., Mathews v. Weber, 423 U.S. 261, 263 (U.S., 1976) (holding that "the Federal Magistrates Act, 28 U.S.C. §§ 631 et seq., permits a United States district court to refer all Social Security benefit cases to magistrate judges for preliminary review of the administrative record, oral argument, and preparation of a recommended decision as to whether the record contains substantial evidence to support the administrative determination"). The Magistrate Judge's use of the record here, for purposes of determining whether the ALJ's step three analysis was supported by substantial evidence, was thus entirely appropriate.

C. The ALJ's Determination that Ms. Kowalski Was Not Entitled to a Closed Period of Disability

In the proceedings below, Ms. Kowalski argued that the ALJ's analysis was wanting since, according to her, the ALJ considered only the evidence pertaining to her limitations in the period after her knee replacement surgery, on May 1, 2000. Since the ALJ is required to weigh all of the relevant, probative and available evidence before him, see Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979), Ms. Kowalski argued that the ALJ's (alleged) failure to do so here constituted error. The Magistrate Judge disagreed, arguing that "none of the findings pertaining to the relevant time period appear to suggest any findings other than those already cited by the ALJ regarding the Plaintiff's treatment following total knee replacement," Kowalski v. Barnhart, No. 02-1327 at 10

8

(M.D. Pa. filed Dec. 22, 2003). The Magistrate Judge further defended the ALJ's opinion by citing to the portion of that opinion in which the ALJ stated that "the Plaintiff overstated her symptoms of pain and [] her complaints were inconsistent with the diagnostic findings." Id. On appeal, Ms. Kowalski maintains (without argument) that the Magistrate Judge erred.

While the Magistrate Judge's reasoning *is* flawed,[3] the underlying ALJ decision is defensible. The ALJ recited Ms. Kowalski's medical history beginning on October 26, 1996. He described her condition on January 23, 1997 and on March 17, 1999. He also stated that "[i]t is important to note that no treating physician has determined the claimant to be disabled" – a statement that reflected the medical opinions of the physicians treating Ms. Kowalski throughout the period of alleged disability. Finally, as the Magistrate Judge argued, substantial evidence supported the ALJ's determination that at no time from December 18, 1998 through September 30, 2001 did Ms. Kowalski qualify as disabled.

---

[3]The Magistrate Judge is correct that the record relates that Ms. Kowalski's condition from December 18, 1998 to May 1, 2000, was not significantly different from that after her surgery – in the closed period in question, Ms. Kowalski was found to have a good range of motion, AR 364, and could even walk one to two miles without difficulty, AR 262. Nonetheless, the presence of this information in the record would not justify the ALJ's failure to reference it in his opinion, if the ALJ had in fact failed to do so.

The Magistrate Judge's contention that the ALJ found that Ms. Kowalski had overstated her symptoms is unhelpful because the ALJ's finding was indexed to the testimony Ms. Kowalski gave regarding her symptoms at the time of the hearing, and not during the period from December 18, 1998 to May 1, 2000.

D. The Magistrate Judge's Review of the ALJ's Determination that Ms. Kowalski Was Not Entitled to A Closed Period of Disability

Ms. Kowalski argues that the Magistrate Judge erred by making his own findings of fact and concluding that she was not entitled to a closed period of disability. While the Magistrate Judge did recite record entries tending to show that Ms. Kowalski was not disabled between December 1, 1998 and May 1, 2000, this recitation was intended to demonstrate, and did demonstrate, that substantial evidence supported the ALJ's decision. As such, there was nothing inappropriate about the Magistrate Judge's use of the record here.

## III. Conclusion

The ALJ's decision was well-reasoned and supported by substantial evidence. Since the Magistrate Judge so found, the decision of the District Court adopting the Report and Recommendations of the Magistrate Judge shall be AFFIRMED.