**Opinions of the United States Court of Appeals for the Third Circuit**



12-6-2005

# Williams v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1275

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Williams v. Comm Social Security" (2005). *2005 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1275

_____

MARY WILLIAMS,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-cv-05015)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2005

Before: BARRY, and AMBRO, Circuit Judges
POLLAK*, District Judge

(Filed : December 6, 2005)

_____

OPINION

_____

_____

*Honorable Louis H. Pollak, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Mary Williams appeals from an order of the United States District Court for the District of New Jersey that affirmed the decision of the Commissioner of Social Security ("Commissioner") denying Williams' application for disabled widow's benefits under Title II of the Social Security Act (the "Act"). For the reasons that follow, we conclude that the Administrative Law Judge ("ALJ") sufficiently explained the bases for his decision[1] to allow for meaningful judicial review, and his decision finding that Williams was not disabled within the meaning of the Act is supported by substantial evidence. We therefore affirm the order of the District Court.

**I.**

Because we write for the parties, we only briefly recite the facts giving rise to this appeal. Williams, who previously worked as an injection mold machine operator and food preparer, applied for disabled widow's benefits in April 1995, alleging that she became disabled on December 31, 1988. Her claim was denied. Williams then requested review by an ALJ and a hearing was held on February 20, 2002. Williams did not appear at the hearing, nor was any testimony offered on her behalf. She was represented by counsel, who offered the results of a stress test and x-rays into evidence. The ALJ issued his decision on March 7, 2002, finding that Williams had a "severe" impairment

---

[1]The ALJ's decision became the final decision of the Commissioner under 20 C.F.R. § 404.984.

2

involving hypertension and arthritis, but that she did not sustain her burden of showing that these impairments were of listing severity, for purposes of 20 C.F.R. § 404.1520(d), and that they precluded her from performing her past relevant work as a food preparer. Therefore, the ALJ concluded that Williams was not disabled within the meaning of the Act and denied her benefits. The Appeals Council found no grounds for review and the District Court affirmed the denial of benefits. Williams now appeals.

## II.

The District Court had jurisdiction over this case pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction under 28 U.S.C. § 1291. Our standard of review is limited solely to determining whether there is substantial evidence in the record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate." *Id.* at 427 (internal citation and quotation marks omitted). "It is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

## III.

In order to qualify as disabled, and thus be entitled to benefits, a claimant must demonstrate that "there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-

3

month period." *Plummer*, 186 F.3d at 427 (internal citation and quotation marks omitted). A claimant is deemed unable to engage in any substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In reviewing claims for disability benefits, an ALJ performs a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. At issue in this case are the third and fourth steps.[2] In step three, the ALJ compares the medical evidence the claimant has offered to demonstrate her impairment to a list of impairments that are presumed severe enough to preclude the claimant from engaging in substantial gainful work. 20 C.F.R. § 404.1520(d). If a claimant's impairment is not one of those listed or an equivalent, the ALJ then determines whether the claimant, despite her impairment, has the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(e). The claimant bears the burden of proof at each of these steps in the sequential evaluation process. *Plummer*, 186 F.3d at 428.

**IV.**

On appeal, Williams argues that the ALJ erred by not explaining the reasons for

---

[2]Step one asks whether the claimant is currently engaged in substantial gainful activity. If not, then the ALJ moves on to step two and must determine whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520.

his decisions at steps three and four. She asserts that the ALJ erred at step three by finding that her impairment, while severe, was not one of the specifically listed impairments or an equivalent without mentioning or comparing any of those listed impairments to hers. She also contends that the ALJ erred at step four by not explaining how he came to his residual functional capacity determination and by not comparing this capacity to her past relevant work.

We require that the ALJ set forth the reasons for his decision. *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981). An ALJ's mere conclusory statement that a claimant's impairment does not meet or equal one of the specifically listed impairments is insufficient because it is "beyond meaningful judicial review." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). Moreover, when confronted with contradictory evidence, the ALJ must explain his reasons for accepting certain evidence and rejecting or discounting other evidence. *Id.* at 121.

Williams relies heavily on our decisions in *Cotter* and *Burnett* in support of her argument that the ALJ erred in not fully explaining his reasoning. Her reliance is misplaced. In *Cotter*, there was conflicting medical evidence and testimony concerning the severity of the claimant's heart condition. 642 F.2d at 707. We held that the ALJ erred by accepting the medical evidence and testimony that opposed the claimant's position without explaining his reasoning for rejecting the equally probative medical evidence and testimony supporting the claimant, which included two physicians'

5

recommendations that the claimant not return to his past relevant work. *Id.*

Likewise, in *Burnett* the ALJ found the claimant, suffering from knee and back problems, to have a "severe musculoskeletal impairment," but cursorily determined at step three that the impairment did not meet or equal the criteria of a specifically listed impairment. 220 F.3d at 119. The ALJ also determined that the claimant had the residual functional capacity to perform her past relevant work, disregarding without explanation not only the testimony of the claimant, her husband, and her neighbor, but also objective medical diagnoses and reports, including one finding the claimant to be "permanently and totally disabled." *Id.* at 121-22. We vacated and remanded, concluding that the ALJ erred in not explaining why the claimant's severe musculoskeletal impairment did not meet or equal one of the listed impairments (which includes "musculoskeletal impairments") and in not explaining or even acknowledging the medical and testimonial evidence that supported the claimant's position that she did not have the residual functional capacity to perform her past relevant work. *Id.* at 120-22.

In this case, there is no conflict in the evidence that would require the ALJ to explain why he was accepting certain evidence and rejecting other evidence. Williams simply failed to present sufficient evidence, medical or testimonial, to meet her burden of showing that her hypertension and arthritis were of listing severity, and that she did not have the residual functional capacity to perform her past work as a food preparer. As the ALJ noted in his decision, Williams did not offer any testimony on her behalf. The

6

medical evidence she offered was insubstantial and did not support her contention that she was disabled. Unlike the claimants in *Cotter* and *Burnett*, no doctor diagnosed Williams as disabled or recommended that she not return to her past work. Her x-rays revealed "mild arthritic changes," and her stress test showed no coronary ischemia or abnormality, which would be an impairment of listing severity. After the stress test, Williams' blood pressure returned to a normal level, indicating she had the residual functional capacity to perform light work. In fact, the specialist Williams consulted merely referred her back to her primary care physician with a recommendation that she increase her anti-hypertensive medication. All of this was thoroughly detailed in the ALJ's decision, thus allowing for meaningful judicial review.

While the ALJ failed to identify the specific listings at step three, the claimant had the burden of presenting sufficient evidence that her medical problems were of listing severity. The burden imposed on a claimant at step three is a far more exacting standard than step two's threshold (used to prevent frivolous claims), which requires that a claimant show that she suffers from a "severe" impairment. *See McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360-61 (3d Cir. 2004). Williams' evidence, while sufficient to satisfy step two, was insufficient to satisfy her burden of showing that her impairments were of listing severity. The ALJ explained this after thoroughly evaluating her evidence, stating that the record "does not disclose medical findings which meet or equal in severity the clinical criteria of any impairment listed." Thus, the ALJ's explanation for finding

7

that Williams did not satisfy the third step is not so insufficient as to be beyond meaningful judicial review, and his decision is supported by the substantial evidence he notes in his opinion.

At step four, the ALJ found that, based on the scant medical evidence, Williams had failed to demonstrate that she could not perform her past relevant work. Contrary to Williams' argument, the ALJ satisfactorily explained his reasoning for determining her residual functional capacity and sufficiently compared this capacity to the demands of her past relevant work. The ALJ specifically rejected Williams' assertion that the results of her stress test showed that her residual functional capacity was limited to sedentary work, noting that her doctor found no abnormality and her blood pressure returned to baseline levels after discontinuing the test. Thus, the ALJ concluded that Williams had the residual functional capacity to perform "light work," which includes work that occasionally requires lifting and carrying twenty pounds, frequently requires lifting and carrying ten pounds, and "a good deal of walking or standing." *See* 20 C.F.R. § 404.1567(b). The ALJ then made findings related to the physical demands of Williams' past relevant work, noting that her past work as a food preparer "required [her] to sit, stand and walk for only four hours a day and she was not lifting or carrying more than ten pounds." The ALJ then compared these physical demands to Williams' residual functional capacity, concluding that, because she could perform light work, she could return to her past relevant work as a food preparer. We therefore conclude that the ALJ

8

sufficiently explained his reasoning to allow for meaningful judicial review. Moreover, his determination is supported by substantial evidence.

\* \* \* \* \*

Accordingly, because the ALJ sufficiently explained his reasoning for his decisions at steps three and four, and his decisions are supported by substantial evidence, we affirm the order of the District Court.

9