

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2007

# Kinney v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kinney v. Comm Social Security" (2007). *2007 Decisions.* Paper 804.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/804

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-2738
_____

CLAUDE J. KINNEY,

Appellant

v.

COMMISSIONER OF SOCIAL
SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-05122)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2007

Before:  BARRY, FUENTES and JORDAN, *Circuit Judges*.

(Filed July 6, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Claude Kinney appeals from the District Court's order affirming the decision of

the Commissioner of Social Security ("Commissioner") denying him Supplemental

Security Income ("SSI") benefits.  Kinney asserts that the decision of the Administrative

Law Judge ("ALJ") denying him SSI benefits is not supported by substantial evidence. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

## I.

Kinney was a factory laborer when he alleged he became unable to work on April 1, 1995, the onset date of his alleged disability. On May 31, 1995, a CT scan revealed Kinney had a "congenitally diminutive lumbar spinal canal" which included bulging discs, spondylosis, and spinal stenosis. A June 19, 1998 MRI of the lumbar spine revealed "large disc herniation" and "degenerative disc disease." On March 30, 1999, Kinney was diagnosed with a "temporary disability" related to his back pain.

Kinney applied for SSI benefits on March 18, 1999. He alleged disability due to a herniated lumbar disc and manic depression.[1] After his application was denied by the Commissioner, Kinney requested, and was granted, a hearing before the ALJ. The ALJ denied Kinney's application, finding that Kinney was not disabled as defined by the Social Security Act because none of his impairments imposed more than a slight limitation on his ability to perform substantial gainful activity. When the Appeals Council denied review, the ALJ's decision became final. In a brief order, the District Court affirmed, finding that "the ALJ rendered a decision based upon substantial

---

[1] Kinney provided no evidence that he was ever diagnosed with manic depression, nor did he receive any treatment for it. Thus, the ALJ's finding that he had no medically determinable mental impairment is supported by substantial evidence and will not be discussed further.

evidence." *Kinney v. Comm'r of Soc. Sec.*, No. 01-5122 (D.N.J. Mar. 16, 2006). Kinney timely appealed.

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g) and we have appellate jurisdiction over the District Court's final order under 28 U.S.C. § 1291. In an appeal of a District Court's decision affirming the Commissioner's denial of SSI benefits, we exercise plenary review over legal issues, and review the ALJ's factual findings to determine whether they are supported by substantial evidence. *Allen v. Barnhart*, 417 F.3d 398, 398 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (internal quotations and citations omitted). Despite this deference, we "retain the responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence." *Id.* at 317 (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

Under the Social Security Act, SSI benefits may be paid to "disabled" persons. 42 U.S.C. § 1382. A person is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner uses a five-step sequential evaluation process to assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether he has a severe impairment; (3) whether his impairment meets or equals a listed impairment; (4) whether his impairment prevents him from performing past relevant work; and (5) whether he can perform any other work which exists in the national economy in light of his age, education, and work experience. 20 C.F.R. § 404.1520. If a finding of disability or non-disability exists at any stage in the process, the Commissioner does not review the claim further. 20 C.F.R. § 404.1520(a)(4). Here, the ALJ rejected Kinney's claim at step two of the analysis and we therefore focus our attention there.

At step two, the ALJ determines whether the claimant has a medically severe impairment. *Id.* An impairment is not severe if it does not "significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b).

The claimant's burden at step two is "not an exacting one." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 360, 360 (3d Cir. 2004). This step should be "rarely utilized" to deny benefits. *Id.* at 361. Rather, "[t]he step two inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). An individual should be denied benefits at step two only if the impairment he

4

presents is a "slight abnormality" that has "no more than a minimal effect on [his] ability to work." *Id.* Any doubt should be resolved in the claimant's favor. *Id.* at 547.

Despite finding that Kinney had a herniated disc and degenerative disc disease of the lumbar spine, the ALJ found these impairments did not "impose more than a slight limitation on his ability to perform substantial gainful activity," and thus denied his claim at step two of the sequential evaluation. Upon review of the record, we find that the ALJ's determination that Kinney failed to pass step two's *de minimis* screening requirement is not supported by substantial evidence.

Although the ALJ found that Kinney's allegations of disability were not supported by medical evidence, Kinney did provide objective medical evidence supporting his impairments. Kinney's testimony of back pain radiating down his legs was substantiated both by the 1995 CT scan that revealed a congenitally diminutive lumbar spinal canal including bulging discs and spinal stenosis and the 1998 MRI that concluded that Kinney was experiencing chronic back pain with disc disease.

While acknowledging this medical evidence in his denial of benefits, the ALJ attempted to undercut its credibility. Regarding the CT scan, the ALJ emphasized that Kinney did not provide evidence for treatment of further back pain until June 1998. Concerning the MRI, the ALJ noted that Kinney never went to see an orthopedist as recommended.

However, Social Security Ruling 96-7p, 1996 SSR WL 374186, at *7, states "the adjudicator must not draw any inferences about an individual's symptoms and their

5

functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Here, Kinney testified that he is on welfare, which provided him with Medicaid. However, some of his physician's referrals did not accept Medicaid coverage, therefore Kinney was otherwise unable to afford treatment. This testimony was not mentioned in the ALJ's opinion.

Therefore, the ALJ's decision to group Kinney's allegations of disability within the category of "groundless claims" that the step two *de minimis* screening was designed to dispose of is not supported by substantial evidence. The ALJ should have gone on to consider the remaining steps in the analysis. Thus, we vacate the District Court's order and remand for further proceedings consistent with this opinion.