

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2004

# McCrea v. Comm Social Security

Precedential or Non-Precedential: Precedential

Docket No. 03-3261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"McCrea v. Comm Social Security" (2004). *2004 Decisions*. Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3261

SHIRLEY McCREA,
Appellant

v.

COMMISSIONER OF
SOCIAL SECURITY

Appeal from the United States District
Court for the District of New Jersey
(D.C. Civil No. 02-cv-00562)
District Judge:
Honorable William G. Bassler

Argued April 15, 2004

Before: RENDELL, STAPLETON
and LAY*, Circuit Judges.

(Filed  May 27, 2004)

*Honorable Donald P. Lay, Senior Circuit
Judge for the Eighth Circuit, sitting by
designation.

Abraham S. Alter    (ARGUED)
Langton & Alter
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ  07065
   Counsel for Appellant

Anthony J. LaBruna, Jr.
Office of the U.S. Attorney
970 Broad Street, Room 700
Newark, NJ  07102

Stephen P. Conte    (ARGUED)
Social Security Administration
Office of General Counsel - Region II
26 Federal Plaza, Suite 3904
New York, NY  10278
   Counsel for Appellee

OPINION OF THE COURT

LAY, Circuit Judge.

Shirley McCrea appeals from an order of the district court affirming the final decision of the Commissioner of Social Security denying her application for disability benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.* Jurisdiction in the district court was proper by virtue of 42 U.S.C. §§ 405(g), 1383(c)(3), and our jurisdiction is conferred by 28 U.S.C. § 1291. For the reasons that follow, we reverse the district court's order and remand the matter to the Commissioner for further proceedings.

## I. BACKGROUND

McCrea is a fifty-two-year-old native of Jamaica with prior relevant work history as a nurses' aide. On April 8, 1997, she filed an application for disability insurance benefits and supplemental security income payments, alleging an inability to work since February 15, 1995, due to constant pain in her neck, lower back, and spine, as well as frequent headaches. Her application was denied both initially and on reconsideration. At McCrea's request, a hearing was held before an administrative law judge ("ALJ") on January 7, 1999.

At the hearing, McCrea testified in further detail regarding her condition. She stated that the onset of her pain coincided with an automobile accident on February 15, 1995. McCrea testified that since the accident, she suffered from constant stiffness in her neck, making it difficult for her to turn her head from side to side. She believed that these neck injuries were the source of her constant headaches, which in turn compromised her concentration and memory. McCrea also testified that following the accident, she experienced lower back pain that not only made it difficult for her to bend, but also radiated into her legs, causing stiffness and impairing her ability to stand and walk. Finally, McCrea testified to suffering from continuous shoulder pain as a result of the accident.

Also testifying at the hearing was a non-examining physician, Albert G. Mylod, Jr., M.D., a board-certified orthopedic surgeon. Dr. Mylod concluded that based upon his review of her medical file, McCrea suffered from two small herniated discs in her lumbosacral region at L4-L5 and L5-S1. In Dr. Mylod's opinion, these herniations not only substantiated her complaints of lower back pain, but also potentially accounted for her complaints of leg pain. Regarding McCrea's complaints of neck pain and headaches, Dr. Mylod acknowledged that an MRI of her cervical spine showed no abnormalities. He nevertheless opined that it was possible that "some of these headaches could be from a cervical strain which we just haven't seen." Tr. at 46.[1] As a more likely potential source for her headaches, Dr. Mylod identified an MRI of what he believed to be McCrea's brain,[2] the results of which were consistent with a prior trauma.

On June 25, 1999, the ALJ rendered a decision denying McCrea's application for benefits. The ALJ determined that after considering all of the evidence, including the opinions of several physicians and McCrea's records of treatment, McCrea failed to demonstrate that she suffered from an impairment or combination of impairments that was "severe" within the meaning of the Act.

---

[1]"Tr." refers to the transcript of the administrative record in this matter.

[2]The MRI on which Dr. Mylod relied was that of the brain of an individual named Maria Roman. In his decision, the ALJ noted this error.

After McCrea's request for review by the Appeals Council was denied, the decision of the ALJ became the final ruling of the Commissioner.

Having exhausted her administrative remedies, McCrea filed a complaint in the United States District Court for the District of New Jersey, seeking review of the Commissioner's denial of benefits. On June 12, 2003, the district court issued an opinion affirming the Commissioner's decision, finding that it was supported by substantial evidence. Accordingly, the district court entered an order dismissing McCrea's action.

## II. ANALYSIS

While we exercise plenary review over the district court's order of dismissal, we review the Commissioner's denial of benefits to determine whether it is supported by substantial evidence on the record as a whole. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 549 (3d Cir. 2003) (citing *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984)); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newell*, 347 F.3d at 545 (quotation and citation omitted). Although substantial evidence is more than a mere scintilla, it need not rise to the level of a preponderance. *Id.*

In determining whether an applicant

is disabled within the meaning of the Act, and therefore eligible for benefits, the Commissioner applies a five-step sequential evaluation process. This court has on several prior occasions set forth each step in detail, *see, e.g., Newell*, 347 F.3d at 545-46; although repetitious, we briefly mention these steps as well. The Commissioner inquires, in turn, whether an applicant: (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).[3]

We now focus our attention on step two, the point at which the ALJ denied McCrea's application for benefits. In language directed toward applicants rather than adjudicators, step two informs that

> If you do not have any impairment or combination of impairments which significantly limits your

---

[3]Although they are governed by separate regulatory schemes, applications for disability insurance benefits and supplemental security income are processed using an identical five-step sequential analysis. *See McDonald v. Sec'y of Health & Human Res.*, 795 F.2d 1118, 1120 n.1 (1st Cir. 1986).

physical or mental ability to do basic work activities, we [the Social Security Administration] will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. §§ 404.1520(c), 416.920(c); *see also id.* §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The Commissioner's regulations define "basic work activities" to include, *inter alia*, "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* §§ 404.1521(b)(1), 416.921(b)(1).

The burden placed on an applicant at step two is not an exacting one. Although the regulatory language speaks in terms of "severity," the Commissioner has clarified that an applicant need only demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 WL 56856, at *3; *see also Newell*, 347 F.3d at 546 ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."). Any doubt as to whether this showing has been made is to be resolved in favor of the applicant. *Newell*, 347 F.3d at 546-47. In short, "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Id.* at 546; *accord McDonald*, 795 F.2d at 1123.

Due to this limited function, the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny. We do not suggest, however, that a reviewing court should apply a more stringent standard of review in these cases. The Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole. *See Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."). Instead, we express only the common-sense position that because step two is to be rarely utilized as basis for the denial of benefits, *see* SSR 85-28, 1995 WL 56856, at *4 ("Great care should be exercised in applying the not severe impairment concept."), its invocation is certain to raise a judicial eyebrow.

With these legal principles in mind, we must decide whether the Commissioner's determination that McCrea failed to pass step two's *de minimis* threshold is supported by substantial evidence. Our review of the record convinces us that it is not.

4

First, and perhaps most significantly, McCrea's statements regarding the nature and extent of her pain were supported by objective medical evidence. *See* 20 C.F.R. §§ 404.1529(b), 416.929(b); *see also Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). Her complaints of constant lower back pain were corroborated by MRI testing of her lumbosacral spine performed on June 22, 1995, at the request of her treating neurologist, Michael L. Sananman, M.D. As Dr. Mylod testified at the hearing, these tests demonstrated the presence of two herniated discs which, due to their positioning, also "presumably explain[ed]" McCrea's leg pain. Tr. at 45. X-ray testing performed on November 5, 1997, revealed a possible left shoulder separation, thereby supporting McCrea's claim of shoulder pain. Finally, x-ray testing of McCrea's cervical spine performed on this same date revealed that she was suffering from mild left torticollis, a condition caused by the contraction of neck muscles whereby "the head is drawn to one side and usually rotated so that the chin points to the other side." STEDMAN'S MEDICAL DICTIONARY 1847 (27th ed. 2000). This testing clearly substantiated McCrea's complaints of neck pain and frequent headaches.

Second, the nature of McCrea's treatment history further establishes that her impairments had more than a minimal impact on her ability to do basic work activities. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii). To alleviate the pain in her lower back and neck, Dr. Sananman administered steroid injections into McCrea's lumbosacral and cervical spine on several occasions between June 13, 1995 and November 11, 1997. As Dr. Sananman noted in one of his reports, "[e]ach of these injections was given to a painful trigger point which was the focus of *severe, persistent muscle spasm*." Tr. at 370 (emphasis added). Dr. Sananman also directed McCrea to use a "lumbosacral brace and cervical collar as necessary for [her] pain." *Id.* at 368.

Finally, McCrea's statements regarding the limiting nature of her impairments were supported by the opinion of her treating physician, Dr. Sananman. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). In a report dated December 17, 1996, addressed to state medical examiners, Dr. Sananman opined that "[b]ecause of her back and neck pain, [McCrea] is not able to sit for more than two hours a day, and she is not able to carry objects of more than twenty pounds at any time and of objects of ten pounds more than two hours a day." Tr. at 232-33.

While acknowledging each of the foregoing pieces of evidence in his denial of benefits, the ALJ minimized their import. Regarding the x-ray and MRI examinations demonstrating the legitimacy of McCrea's impairments, the ALJ emphasized that the test results revealed

only "small" or "mild" abnormalities.[4] As to McCrea's treatment history, the ALJ pointed out that her complaints of pain were most commonly met with directions to take non-steroidal anti-inflammatory medications such as Naprosyn, Advil, and Motrin. Finally, the ALJ refused to attach any significant weight to Dr. Sananman's opinion, reasoning that such a drastic limitation on McCrea's physical functioning was inconsistent with the medical evidence and conservative treatment strategies detailed in the record.

We need not concern ourselves with this reasoning at length. Although the observations made by the ALJ may or may not be relevant in later steps of the sequential analysis, *see, e.g.*, 20 C.F.R. §§ 404.1520(d)-(f), 416.920(d)-(f), they certainly do not carry the day at step two. We believe that viewing the record in its entirety, *see Universal Camera Corp.*, 340 U.S. at 488 ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."), no reasonable person could fail to conclude that McCrea's physical conditions were "severe" under the *de minimis* interpretation of that term currently endorsed by the Commissioner.

## III. CONCLUSION

Based on the foregoing, we hold that McCrea's application for disability benefits does not fall within the category of "groundless claims" that step two of the Commissioner's five-step sequential evaluation process was designed to remove from consideration. *Newell*, 347 F.3d at 546. Therefore, the order of the district court will be REVERSED and the cause REMANDED with instructions to remand the matter to the Commissioner for further proceedings consistent with this opinion.

_____

[4]Also relevant in this regard is the following colloquy between the ALJ and Dr. Mylod that took place during the hearing:

> ALJ:Doctor, excuse me, if you don't mind. The herniated disks, so I can put that aside, are they small --

> ME [Dr. Mylod]: There's a [sic] small herniated disks, but one on each side.

Tr. at 46.