

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Perry v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Perry v. Comm Social Security" (2005). *2005 Decisions.* Paper 1113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3578
_____

ROSALYN PERRY, For Gealine Perry,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 02-cv-00557
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a) May 23, 2005

Before: SCIRICA, Chief Judge, ALITO and ROSENN, Circuit Judges

(Filed May 31, 2005)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Rosalyn Perry filed an administrative claim in 1997 in behalf of her then fifteen-

year-old daughter, Gealine, with the Commissioner of Social Security for supplemental

security income child disability benefits ("SSI"). The application was denied then and on

reconsideration.  At the claimant's request, a *de novo* review was held by an Administrative Law Judge ("ALJ") in June 1999.  The ALJ found the claimant ineligible for SSI.  The Appeals Council denied the claimant's request for review of the determination.  This ruling became the final judgment of the Commissioner.  Perry then filed suit in the District Court of New Jersey which affirmed the decision of the Commissioner.  Perry timely appealed to this court.  We affirm.

Because we write primarily for the parties, counsel, and the district court, we do not repeat the facts because they are well known to the parties.

The gravamen of Perry's complaint is that the district court erred in its finding that substantial evidence of record supported the Commissioner's decision that Gealine Perry, the child for whom benefits are sought, was not disabled.  She strenuously argues that the administrative decision ignores this court's holdings in McCrea v. Commissioner, 370 F.3d 357 (3d Cir. 2004), Newell v. Commissioner, 347 F.3d 541 (3d Cir. 2003), and Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981), requiring the ALJ to not only describe the evidence he considered in reaching his decision, but also provide some indication of the evidence which he rejected.  The district court, however, considered this complaint and carefully combed the record.  The court concluded that the ALJ's analysis "clearly outlined the reasoning involved in the decision and involved a thorough examination of all the relevant evidence and complied with Cotter."  The court also carefully reviewed the facts  on which it relied in reaching the conclusion that substantial evidence supported

the ALJ's determination that Gealine's asthma was not "severe." We have also examined the record and perceive no error in the district court's conclusion.

The appellant also raises the question on appeal whether Gealine's obesity was of such severity as to entitle her to SSI. This issue was raised for the first time in the district court and Judge Walls dealt with it. He saw that the claimant did not address the issue of obesity in her complaint either with the court or in the administrative proceedings. The claimant only raised that issue for the first time in her briefs before the district court. The district court therefore concluded that the ALJ "properly did not include this disability in his analysis and decision." We believe the ALJ and the district court both committed no error.

We see no merit in the remaining objections raised by the appellant.

The judgment of the district court is affirmed. Each side to bear its own costs.