

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Jakubowski v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1377

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jakubowski v. Comm Social Security" (2007). *2007 Decisions*. Paper 1789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  06-1377

MARY LOU JAKUBOWSKI,
                                                Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-05390)
District Judge:  Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

Before:  RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>
and BAYLSON*, <u>District</u> <u>Judge</u>.

(Filed: January 10, 2007)

OPINION OF THE COURT

BAYLSON, *District Judge*

_____

* Honorable Michael M. Baylson, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

Appellant, Mary Lou Jakubowski ("Jakubowski"), appeals a District Court order affirming the final decision of the Appellee, the Commissioner of Social Security ("Commissioner"), to deny her Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). Because this Court concludes that substantial evidence supports the ALJ's determination, we will affirm the judgment of the District Court.

I.

This Court applies the same deferential standard of review to the decision of the Administrative Law Judge ("ALJ") as did the District Court and reviews the ALJ's findings to determine whether they were supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

Jakubowski's disability insured status expired on December 31, 2001. She filed an initial application for DIB on October 22, 2001, alleging that she had become disabled on January 1, 2001 as a result of osteoarthritis and a total bilateral hip replacement. The Commissioner denied her application, both initially and upon reconsideration. Jakubowski then filed a request for a hearing before an Administrative Law Judge ("ALJ").

In order to establish that she was entitled to disability benefits, Jakubowski had to show that she was suffering from a severe medical impairment or impairments prior to the expiration of her disability insured status. In his opinion, the ALJ assessed the severity of Jakubowski's impairments according to the five-step sequential evaluation process described in the Social Security regulations. See 20 C.F.R. § 404.1520. The ALJ found

2

that Jakubowski's impairments resulting from her bilateral hip replacement and osteoarthritis were severe in the period preceding the expiration date of her insured status, but that her impairments of a left upper extremity condition, depression, and debilitating diabetes were not. The ALJ further found that Jakubowski's osteoarthritis and bilateral hip replacement did not preclude her from performing her past relevant work as a receptionist prior to the December 31, 2001 expiration date. As a result, the ALJ concluded that Jakubowski was not disabled within the meaning of the Social Security regulations and therefore ineligible for DIB.

## II.

In her brief, Jakubowski argues that the ALJ committed a significant error when he made what she claims was a medical determination that her diabetes, depression and upper left extremity condition were not severe impairments that existed prior to the expiration of Jakubowski's insured status. Jakubowski also argues that the ALJ should have sought out expert medical testimony to assist him in making a determination about the severity of her impairments and their onset date. The Commissioner responds that the ALJ's decision was supported by substantial evidence and cites to evidence in the record that supports the ALJ's findings. The Commissioner further contends that Jakubowski's reliance on certain authorities is misplaced.

Because existing precedential decisions in this Circuit on how an ALJ should evaluate the evidence in an administrative record and conduct a severity determination under step two of the sequential evaluation process are well-developed, this opinion will

3

only be written for the parties.

The opinion of the ALJ specifically discusses the evidence in the context of the issues raised by Jakubowski. See Decision of ALJ Dennis O'Leary, App. 13 et seq., where he sets forth the usual five-step evaluation process and reviews in detail the physical examination performed by Dr. Roque, the mental status evaluation performed by Dr. Resnikoff, and Jakubowski's testimony at the evidentiary hearing. After he cites the applicable test, he concludes:

> The medical evidence indicates that prior to the expiration of the claimant's insurance status, she had status post bilateral hip replacements and osteoarthritis, impairments that are "severe" within the meaning of the Regulations, but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (Listing of Impairments). . . .

> The evidence fails to substantiate that the claimant had any severe impairments referable to depression, anxiety, diabetes, or a left upper extremity compromise prior to her date last insured. . . . Other than a few trigger point injections, there is no evidence of any further work-up or treatment for her left upper extremity discomfort. There is no basis to find that this condition met the 12-month duration requirement which relates to severe impairments under the regulations.

> . . . .

> Although the evidence shows that the claimant currently suffers with severe cardiac and digestive disorders (Exhibits 10F-11F), there is no substantiation of these conditions until well after the claimant's date last insured.

The thorough opinion of District Judge Hochberg dated December 8, 2005, App. 1, reviews Jakubowski's contentions and finds that the decision of the ALJ was based on

4

substantial evidence.

Established precedent requires the ALJ to review all medical evidence in the record and, if he chooses to discount some of that evidence, to explain fully his reasons for doing so.  See, e.g., Walton v. Halter, 243 F.3d 703 (3d Cir. 2001); Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979). With respect to Jakubowski's arguments that the ALJ should have sought the assistance of a medical expert to determine the  severity of her impairments and their onset date, she cites Social Security Ruling 83-20 ("SSR 83-20"), which sets out the Commissioner's general policy for determining onset dates; the Hearings, Appeals and Litigation Law Manual ("HALLEX") guidelines, a program manual for ALJs; and several decisions by this Court.  The Commissioner distinguishes SSR 83-20, the HALLEX guidelines, and this Court's decisions in Walton, supra, and Newell v. Comm'r Soc. Sec., 347 F.3d 541 (3d Cir. 2003).

As Jakubowski points out, this Court has recognized that a step two severity determination simply functions as a "screening device" to eliminate spurious claims of disability, and therefore a plaintiff's burden to establish the severity of an impairment under step two is not demanding.  See McCrea v. Comm'r Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); Newell, 347 F.3d at 546-47.  As this Court stated in Newell:  "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."  Newell, 347 F.3d at 546.

5

Furthermore, SSR 83-20 dictates that an ALJ should call on the services of a medical advisor when he or she must infer the onset date of an impairment that is not clear from the applicant's medical records. See SSR 83-20, 1983 WL 31249, at *3. This requirement is particularly important where the impairment at issue becomes progressively worse over an extended period of time. Id. at *2. This Court has not hesitated to reverse a district court judgment and to remand a case when an ALJ fails to follow this requirement. See, e.g., Newell, 347 F.3d at 548-49; Walton, 243 F.3d at 708-10.

In her brief, Jakubowski contends that the ALJ erred when he failed to secure a medical expert to assist him in assessing the severity of her impairments. However, as the District Court points out, an ALJ is not required under the Social Security regulations to seek out medical expert testimony. Instead, the regulations set out a permissive standard: An ALJ "*may* also ask for and consider opinions from medical experts on the nature and severity" of a claimant's impairments. See 20 C.F.R. § 404.1527(f)(2)(iii) (emphasis added). Although the standard for demonstrating severity under step two is a forgiving one, the burden still remains on Jakubowski to establish the severity of her impairments. The District Court noted that the record was devoid of evidence establishing that Jakuboski's impairments were disabling. This Court finds that the ALJ cited to specific medical evidence in his decision to support his finding that Jakubowski's impairments were not severe, see App. 15-17, which establishes that the ALJ's opinion on the severity of those impairments was supported by substantial evidence.

Jakubowski also argues that she is entitled to relief under SSR 83-20, asserting that, in order to determine the proper onset date, the ALJ should have reached out to obtain an expert medical opinion. The District Court correctly rejected this argument. This Court's precedential opinions in Newell and Walton are distinguishable from the present case. In Newell, the ALJ cited the claimant's lack of medical treatment records prior to the expiration of her disability insured status when he rejected the claim that her impairments were severe. Newell, 347 F.3d at 547. The applicant in Newell testified that she had almost no medical records from the period preceding the expiration date because she could not afford medical treatment. This testimony was supported by the record in that case, which demonstrated that the claimant's income was very low during the applicable period and that she had no medical insurance. Id. Therefore, this Court concluded that the ALJ erred in citing this lack of evidence as a reason to deny the claimant benefits and not to enlist a medical expert to assist him in inferring the onset date of her impairments. Id. at 548.

In Walton, the claimant sought to establish that he was eligible for children's disability insurance benefits because the onset date of his mental impairment preceded his twenty-second birthday. Walton, 243 F.3d at 705. As in Newell, the claimant lacked medical records from the relevant time period to establish that claim. However, this Court observed that, with one exception, all of the other medical evidence submitted to the ALJ suggested an onset date prior to that birthday. Id. at 709. In fact, the ALJ in Walton expressly ignored the opinions of two medical advisors that the claimant's onset

7

date was prior to his twenty-second birthday. As we observed in <u>Walton</u>, when "an opinion based on personal, contemporaneous observation was not available[,] . . . SSR 83-20 calls for an ALJ to have the benefit of expert medical advice." <u>Id.</u> at 710.

By contrast with <u>Newell</u> and <u>Walton</u>, as noted by the District Court, the ALJ in this case had access to adequate medical records from the time period before the expiration of Jakubowski's insured status, and these records did not support her alleged onset date. The ALJ cited these reports in support of his conclusion that Jakubowski's impairments were not severe prior to the expiration of her disability insured status. <u>See</u> App. 15-17. We therefore affirm.

## III.

For the reasons stated above, we will affirm the judgment of the District Court.