

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# Frazier v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Frazier v. Comm Social Security" (2007). *2007 Decisions*. Paper 787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2809

_____

PATRICIA FRAZIER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-02953)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
on July 9, 2007

Before:  RENDELL and AMBRO, <u>Circuit Judges</u>,
and SHAPIRO, <u>District Judge</u>.

(Filed: July 11, 2007)

_____

OPINION

_____

_____

\*  Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Patricia Frazier seeks review of the District Court's determination that the Administrative Law Judge's ("ALJ") ruling that Frazier was not disabled was supported by substantial evidence. Frazier was employed for nineteen years by Bell Atlantic as a service representative. This job required her to handle customers' complaints, use a computer, and speak on the telephone while seated. Frazier was hospitalized after being involved in a house fire on September 4, 1997. She was diagnosed with severe smoke inhalation and underwent a tracheotomy that subsequently healed with no prolonged health consequences. She was released after it was determined that her chest was clear and her x-rays were normal.

Frazier applied for disability insurance benefits on February 11, 1999, alleging disability as of June 5, 1996, due to pulmonary insufficiency, asthma, depression, and anxiety. The application was denied initially and on reconsideration. Following a hearing on April 27, 2001, the ALJ determined that Frazier was not disabled. Frazier appealed and the case was remanded by the Appeals Council. After a new hearing, the ALJ again concluded that Frazier was not disabled. This decision was affirmed by the District Court and Frazier now appeals.[1] We will affirm.

_____

[1] In his brief to this court, Frazier's counsel has once again failed to meet the expectation that counsel "exercise appropriate professional behavior in all briefs," as stated in Third Circuit Local Appellate Rule 28.1(c), by engaging in *ad hominem* attacks on the ALJ. Frazier's counsel has been reprimanded previously for similar behavior, most recently in *Meyler v. Commissioner of Social Security*, No. 06-4280 (3d Cir.

I.

We exercise plenary review over the order of the District Court, but review the decision of the Commissioner to determine whether it is supported by substantial evidence. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (internal quotations and citation omitted). We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

II.

The Social Security Administration ("SSA") has promulgated a five-step sequential evaluation process to determine whether a claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(a)(4); *see also Newell*, 347 F.3d at 545. Under this five-step test, the ALJ inquires, in turn, whether an applicant: (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is

June 22, 2007), in which we ordered the brief stricken and a new brief filed. We are not ordering that the brief in this case be stricken; it is noted that such action has been taken and, as in that case, could be taken here. We assume that counsel will cease this unprofessional conduct in the future.

able to perform work existing in significant numbers in the national economy. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

The ALJ found, pursuant to the five-step test, that Frazier, who stopped working on June 5, 1996, is no longer engaged in any substantial gainful activity. Additionally, the ALJ found that Frazier's asthma and depression were "severe" impairments because they imposed significant restrictions on her ability to perform basic work activities. 20 C.F.R. § 404.1520(c).

Frazier contends that the ALJ erred when he failed to acknowledge her "cognitive impairment," as evidenced by her low IQ test results, at step two of the sequential evaluation. However, the ALJ considered Frazier's IQ test results and cognitive limitations in evaluating the severity of her depression and its impact on her ability to work. Frazier also argues that the IJ erred in concluding that Frazier's reduced cognitive capacity, in combination with her other impairments, did not meet or equal the listing for mental retardation. We defer to the ALJ's findings of fact as long as they are supported by substantial evidence. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The ALJ noted that an adult intelligence examination was performed on Frazier on February 19, 2002. The test determined that Frazier has a verbal IQ of 82, a performance IQ of 72 and a full scale IQ of 75. The examiner also noted the Frazier did not bring her eyeglasses to the examination and that "difficulty seeing close no doubt

4

penalized obtained results." App. 223.[2] An IQ score of 70 or below is required in order for an impairment to meet the listing for mental retardation. In addition, an IQ score between 60 and 70 alone does not meet a listing. The applicant must also have marked difficulties in two areas or an additional impairment that imposes an "additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05. Thus, the applicant's ability to carry out everyday functions and menial tasks must also be considered. The ALJ noted that Frazier's IQ scores place her in the borderline intellectual range of functioning, but that Frazier is able to dress, bathe, and groom herself and do general housekeeping, laundry and grocery shopping. She is also able to cook, prepare food and manage money. Thus, the ALJ's finding that Frazier's impairments do not qualify as a listed impairment or the equivalent is supported by substantial evidence.

Frazier also argues that the ALJ failed to articulate the evidentiary basis for the residual functional capacity assessment. The residual functional capacity assessment is used to determine whether a claimant can go back to his or her previous employment or adjust to any other work. 20 C.F.R. § 404.1560. In making these and all other findings, the ALJ must be explicit about what evidence was considered and what evidence was

---

[2]"Since the results of intelligence tests are only part of the overall assessment, the narrative report that accompanies the test results should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00(D)(6)(a).

rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). If the ALJ does not evaluate all relevant evidence, a reviewing court may remand for further analysis in order to determine whether an applicant is entitled to disability benefits. *Id*. at 706.

Here, the ALJ did explain the process he used to determine Frazier's residual functional capacity and provided a detailed factual analysis of Frazier's subjective allegations and medical evidence. After setting out the criteria for residual functional capacity determinations, the ALJ stated his finding that Frazier's "statements concerning her impairments and their impact on her ability to work are not entirely credible." App. 26. The ALJ pointed out that no treating or examining physician determined that Frazier's conditions precluded her from performing any type of work activity. He also noted that Frazier is able to dress, bathe, and groom herself, do general housekeeping, laundry, grocery shopping, cook, prepare food and manage money. He further considered Frazier's testimony that she can perform simple and repetitive tasks and the results of her psychiatric evaluation. While the ALJ agreed that Frazier lacked the residual functional capacity to return to her job as a telephone representative, he found that her allegations that she could not perform other work were not credible. We agree with the District Court that the ALJ's findings concerning Frazier's residual functional capacity are supported by substantial evidence.

Frazier also argues that the ALJ denied her claim for benefits based on incomplete hypothetical questioning of the vocational expert. The ALJ's hypothetical questioning

6

was allegedly incomplete because he failed to mention Frazier's loss of concentration, restriction to rote tasks and need for one-on-one supervision in questioning the expert about what work might be available to someone with Frazier's restrictions. We agree with the District Court that substantial evidence supports the finding that Frazier did not experience a significant loss of concentration, nor require one-on-one supervision. Furthermore, there is no material difference between "rote" tasks and "simple and repetitive tasks." Thus, the ALJ's questioning of the expert adequately stated Frazier's job restrictions.

Finally, Frazier contends that the ALJ failed to acknowledge the vocational expert's testimony that directly contradicted the ALJ's conclusions. The vocational expert testified that the jobs he thought Frazier capable of performing had no one-on-one supervision and required hand-eye coordination. However, Frazier never established a need for one-on-one supervision nor did the ALJ find a need for such supervision. Furthermore, the expert's testimony concerning hand-eye coordination only concerned assembly-line jobs. The ALJ did not rest his finding that work that Frazier is capable of doing exists in sufficient numbers in the national economy on Frazier's ability to do assembly-line work. Thus, we agree that the ALJ's finding that Frazier could perform work that exists in significant numbers in the national economy is supported by substantial evidence.

III.

For the reasons stated above, we will AFFIRM the judgment of the District Court.