

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# Magwood v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3787

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Magwood v. Comm Social Security" (2008). *2008 Decisions.* Paper 551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3787

MARY J. MAGWOOD,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 06-cv-01184
District Judge: The Honorable J. Curtis Joyner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2008

Before: SCIRICA, *Chief Judge*, McKEE, and SMITH, *Circuit Judges*

(Filed: September 9, 2008)

OPINION

SMITH, *Circuit Judge*.

Mary J. Magwood appeals from the judgment of the United States District Court

for the Eastern District of Pennsylvania, which affirmed the denial by the Commissioner

of Social Security of Magwood's application for benefits under Title XIV of the Social

1

Security Act. The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Because we conclude that the Commissioner's decision is not supported by substantial evidence, we will reverse the District Court's judgment and will remand for further proceedings.

Magwood applied for Supplemental Security Income benefits in 2004, alleging disability on the basis of depression and a history of alcohol abuse, which was in remission. Her depression was attributable in part to the fact that her son had been declared dependent in 2003 when her significant other broke her son's arm. Thereafter, Magwood stopped drinking and began to provide a tox screen on a weekly or biweekly basis to verify her abstinence from alcohol. She was treated with an antidepressant, attended on a weekly basis either individual or group therapy, participated in weekly sessions with a counselor for victims of abuse, and was evaluated by her psychiatrist on a monthly or bimonthly basis. Magwood testified that she suffered from crying spells, and that her ability to concentrate and to sleep were affected by her depression. As support for her claim of disability, one of Magwood's treating psychiatrists at an outpatient

psychiatric center, Dr. Duckett, opined that it was unlikely that she could perform sustained work because she had marked limitations in her ability to maintain social functioning, to concentrate and persist in a task, to interact appropriately with the public and coworkers, and to respond appropriately to work pressures. Magwood's score on the Global Assessment of Functioning Scale (GAF) ranged from 55-60, a score which is indicative of moderate symptoms or moderate difficulty in social or occupational functioning.[1] The progress notes of her treating psychiatrists consistently documented Magwood's mood as depressed.

The Administrative Law Judge (ALJ) concluded that Magwood's mental impairment of major depression and alcohol abuse disorder, in remission, were not severe impairments at step two in the sequential analysis set out in 20 C.F.R. § 404.920. He made this determination after weighing the medical evidence from Magwood's treating physicians, the consultative examination of a psychologist, and a consultative review of a psychiatrist, and concluded that her treating psychiatrist's opinion was unworthy of credit.

Magwood appealed. The District Court adopted the Magistrate Judge's report, which recommended that the Commissioner's decision be affirmed. This timely appeal followed, challenging again the ALJ's finding that she did not have a severe impairment

---

[1]*See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*, 32-34 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social and occupational limitations. *Id.* The GAF scale ranges from 1 to 100.

at step two in the sequential analysis and asserting that the ALJ erred in discounting her treating physician's opinion.

In *Newell v. Commissioner*, 347 F.3d 541 (3d Cir. 2003), we instructed that step two of the sequential analysis "is a *de minimis* screening device to dispose of groundless claims. . . An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" *Id.* at 546 (internal citations omitted). We declared that "reasonable doubts on severity are to be resolved in favor of the claimant." *Id.* at 547.

In *McCrea v. Commissioner*, 370 F.3d 357, 360 (3d Cir. 2004), we reiterated *Newell*'s teaching that the "burden placed on an applicant at step two is not an exacting one." There, we determined that the ALJ erred by concluding that the applicant did not have a severe impairment at step two in the sequential analysis. We pointed out that there was objective medical evidence supporting the claimant's complaint of back pain, that her treatment history showed that her ailment had more than a minimal impact on her ability to do basic work activities, and that she had an opinion from her treating physician in support of her claim. The ALJ's refusal to attach any significant weight to the treating physician's opinion, we reasoned, "may or may not be relevant in later steps of the sequential analysis . . . but they certainly do not carry the day at step two." 370 F.3d at 362 (citing 20 C.F.R. § 404.1520(d)-(f) regarding whether an impairment meets a listed

4

impairment, prevents an individual from doing their past relevant work, or prevents them from doing any other work in the national economy). Because the record in its entirety did not provide substantial evidence to support the ALJ's determination at step two, we reversed the District Court's judgment and remanded for further proceedings.

*Newell* and *McCrea* instruct that the determination of whether an applicant has met her burden at step two in the sequential analysis should focus upon the evidence adduced by the applicant. If such evidence demonstrates that the applicant has "more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue." *Newell*, 347 F.3d at 546; *McCrea*, 370 F.3d at 362; 20 C.F.R. § 404.920(d)-(f).

In this case, the ALJ ignored *McCrea*'s instruction by weighing the medical evidence adduced by Magwood, including the opinion from her treating psychiatrist, against the consultative examination of a psychologist and a consultative review of a psychiatrist. This was error. The medical evidence adduced by Magwood demonstrated that she was receiving psychiatric services on a regular basis, was engaged in therapeutic counseling on a weekly basis, was taking antidepressants, was assessed as functioning with a GAF of 55-60, and had an opinion from a treating psychiatrist that she was unable to work on a sustained basis. This was more than sufficient to satisfy step two's *de minimis* threshold. *Newell*, 347 F.3d at 546; *McCrea*, 370 F.3d at 361. Accordingly, we conclude that the ALJ's determination that Magwood did not have a severe impairment at

step two in the sequential analysis is not supported substantial evidence. For that reason, we will reverse the judgment of the District Court and remand for further proceedings, which will allow the medical evidence to be weighed and evaluated at the latter steps in the sequential analysis.[2]

---

[2]Because we conclude that the ALJ erred at step two in the sequential analysis and because we will remand for further proceedings, we need not address Magwood's contention that the ALJ improperly discounted her treating physician's opinion.