NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-3605
_____

TONI CHIARADIO,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-02455)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

Before: SLOVITER, GREENAWAY, JR., Circuit Judges
and POLLAK,[*] District Judge

(Filed: April 26, 2011)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

---

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Appellant Toni Chiaradio appeals from the District Court's order affirming the denial by the Administrate Law Judge ("ALJ") of her application for Social Security Disability benefits. We will affirm.[1]

## I.

Judicial review is limited to determining whether there was substantial evidence to support the Commissioner's decision to deny benefits. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the Commissioner's findings of fact are supported by substantial evidence, such findings are binding. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

Because we write primarily for the parties, who are aware of the relevant facts, we discuss them only briefly. Chiaradio, a forty-eight-year-old woman, is a high school graduate with no vocational training. Her prior experience includes work as a secretary/receptionist and a self-employed office and home cleaner. Chiaradio's last full-time job, as an office and home cleaner, ended on September 10, 2005.

Chiaradio filed for Disability Insurance Benefits and Supplemental Security Income on November 10, 2005 alleging inability to work due to her symptoms of chronic asthma, lower lumbar pain, cystitis, bipolar disorder and diverticulitis. The

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Commissioner denied both Chiaradio's initial claim and a subsequent request for re-consideration.

At the hearing before an ALJ, Chiaradio introduced into evidence the medical record of her psychiatric treatment at New Bridge Services from 2001-2006, her admission to Chilton Memorial Hospital on August 10, 2002 due to feelings of depression and suicide, and a list of psychotropic medications, to support her claim of psychiatric limitation due to bipolar disorder. Also in evidence is the Psychiatric Review Technique conducted on April 26, 2006, which found a severe medically determinable impairment of bipolar disorder, but also found that it was not expected to last 12 months, and did not precisely satisfy the diagnostic criteria. The Mental Residual Functional Capacity Assessment of the same date found that Chiaradio's moderate functional limitations are primarily related to her physical allegations with "her psychiatric symptomotology secondary but not functionally limiting by themselves." A.R. at 299.

The Physical Residual Functional Capacity Assessment dated May 11, 2006 found that Chiaradio was limited to occasionally lifting and/or carrying 50 pounds, but could frequently lift and/or carry 25 pounds. In addition, she could stand and/or walk (with normal breaks for about 6 hours in an 8 hour workday); and sit for a long period with normal breaks. There were no postural, manipulative, visual or communicative limitations. Environmental limitations included avoiding concentrated exposure to extreme cold or heat, wetness, humidity and fumes, odors, dusts, gasses, and situations with poor ventilation.

After the hearing, the ALJ determined that Chiaradio's claims related to her psychiatric impairment were not "severe," noting that the evidence presented failed to establish that the impairment had any greater than a slight or minimal effect on ability to perform basic work activities. Additionally, the ALJ determined that the requirements of the listings related to Chiaradio's physical impairments were not met, noting that Chiaradio has the residual functional capacity for light work. In particular, the ALJ determined that Chiaradio is capable of performing past relevant work as a receptionist, since the work-related activities were not precluded by her residual functional capacity.

Chiaradio filed a request for review of the ALJ hearing decision, which the Appeals Council denied. Chiaradio then filed her action in the United States District Court for the District of New Jersey, which issued a memorandum opinion and order affirming the decision of the Commissioner. Chiaradio timely appealed.

## II.

In determining whether an applicant is disabled within the meaning of the Act, and therefore eligible for benefits, the Commissioner applies a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The ALJ must review: (1) the claimant's current work activity; (2) the severity of the claimant's impairments; (3) whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if claimant cannot return to past relevant work, whether she can "make an adjustment to other work" in the national economy. *Id.* If the claimant fails to show that

4

her disabilities are severe, the claim will be denied. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

Turning to step two, the ALJ dismissed Chiaradio's psychiatric impairment claim as non-severe. As stated in *McCrea*, "the Commissioner has clarified that an applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Id.*

We must determine whether the ALJ's finding that Chiaradio does not suffer a severe psychiatric impairment is supported by substantial evidence. Chiaradio contends that the ALJ ignored her treatment at Chilton Memorial Hospital from 2001 through 2006, including a five-day admission for bipolar disorder; her treatment at New Bridge Services from 2001 through 2006; the medical evaluation by State agency physician Dr. Gash; the years of psychotropic medication; and lastly, that the psychiatric consultative examiner Dr. Roy, was not provided with any information about her condition.

The ALJ acknowledged and considered each of the foregoing relevant pieces of evidence in his denial of benefits. Contrary to Chiaradio's argument, the New Bridge services were cited by the ALJ together with the medical evaluation by Dr. Gash, which noted some moderate functional limitations but which stated that Chiaradio's "functional limitations are primarily related to her physical allegations with her psychiatric symptomotology secondary but not functionally limiting by themselves." A.R. at 299.

The ALJ mentioned and discussed the list of prescribed medications. Regarding the Chilton Memorial Hospital record, the only record of psychiatric treatment is the

5

admission from August 10, 2002 to August 15, 2002, which predates the relevant period before the ALJ. Chiaradio argues that because Dr. Roy was not provided with information regarding her past psychiatric illness, the treating physicians, psychiatric hospitalization, and residual functional capacity assessments are ignored. However as stated above, the ALJ did take into consideration all relevant evidence to substantiate its determination.

Finally, Chiaradio argues that the ALJ "did not make a 'task by task' or 'function by function' comparison between [her] part-time work as a medical office receptionist and her residual functional capacity." Appellant's Br. at 22. Although the ALJ did not make a task by task analysis, the overall review carefully considered Chiaradio's past relevant work and the ALJ assessed what Chiaradio could reasonably do. The ultimate conclusion that Chiaradio had the residual functional capacity to perform light work with the ability to stand, walk, or sit for up to six hours in an eight-hour day, lifting and carrying 20 pounds occasionally and 10 pounds frequently, but requiring an environment free of pulmonary irritants, is well supported by substantial evidence on the record.[2] Chiaradio further contends that the ALJ ignored the restrictions established by both treating physicians and the Commissioner's review psychiatrists, referenced in her first argument. By so doing, Chiaradio attempts to transform the step 2 analysis into step 4 analysis. However, the ALJ followed the proper five-step procedure in the disability

---

[2] Indeed, the ALJ actually gave Chiaradio the benefit of greater limitations on her ability to lift and carry objects than the Physical Residual Functional Capacity Assessment, which indicated she could frequently lift 25 pounds and occasionally lift 50 pounds.

analysis, and his finding that Chiaradio did not suffer from a "severe" psychiatric limitation and is able to return to past relevant work, which is the proper legal standard, is supported by the record.

## III.

For the above-stated reasons, we will affirm the judgment and order of the District Court