*134 OPINION
ROTH, Circuit Judge:
Gustavo Leyva appeals from the District Court’s decision affirming the Commissioner of Social Security’s denial of his application for disability insurance and supplemental security income (SSI) benefits. Because the Commissioner’s decision to deny benefits was based on substantial evidence, we will affirm.
As the facts are well known to the parties, we give only a brief description of the relevant issues and procedural posture of the case.
Leyva applied for disability insurance and SSI benefits on February 4, 2004, alleging disability since August 31, 2003, due to an ankle fracture, depression, lumbar disc disease, a history of hypertension and tuberculosis, abdominal pain, and gallstones. A hearing was held before an administrative law judge (ALJ) on November 17, 2005. The ALJ found that residual pain from his ankle fracture constituted a “severe” impairment but ultimately concluded that Leyva’s age, education, and vocationally relevant experience, viewed in conjunction with the Medical-Vocational Guidelines in the applicable regulations, directed a conclusion of “not disabled” for purposes of the Social Security Act. The ALJ thus denied his application for benefits. Leyva sought review from the Appeals Council, which denied his request. Thus, the ALJ’s decision is the Commissioner’s final decision. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir.2001).
On February 2, 2007, Leyva filed suit challenging the Commissioner’s ruling in the United States District Court for-the District of New Jersey. On May 28, 2008, the District Court affirmed the Commissioner’s final ruling. Leyva filed a timely notice of appeal on July 25, 2008.
This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and reviews the Commissioner’s denial of benefits for substantial evidence. See McCrea v. Comm’r of Soc. Sec., 370 F.3d 357, 359 (3d Cir.2004). “Substantial evidence ‘does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).
The regulations set forth a five-step process to determine if a claimant is disabled and, thus, eligible for benefits. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(i), (b). If so, the claimant is not disabled. Id. The ALJ found that Leyva had not engaged in substantial gainful activity since August 30, 2003.
At step two, the ALJ must determine whether the claimant suffers from a “severe” impairment, defined as one which “significantly limits [a claimant’s] physical or mental ability to do basic work activities.” Id. § 404.1520(a)(ii), (c). Only a severe impairment can render a claimant “disabled.” Id. The ALJ found that the “residuals of [Leyva’s] fractured anide” constituted a “severe” impairment.[1]
At step three, the ALJ compares the medical evidence of the claimant’s “severe” *135 impairment(s) with those impairments presumed severe enough to preclude gainful work. Id. § 404.1520(a)(iii). If the claimant’s impairment is similar to one listed, the claimant is eligible for benefits. The ALJ found that Leyva’s ankle injury did not reach the level of severity of those listed in the regulations.
Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. Id. § 404.1520(a)(iv). If so, the inquiry ends and the claimant is not eligible for benefits. The ALJ determined that Leyva could not return to his previous employment as a maintenance worker.
Finally, at step five, the burden of production switches to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy that the claimant can perform. Id. §§ 404.1520(a)(iv), 404.1560(c)(1). The ALJ looked to the medical vocational guidelines, which contain a series of rules that direct a finding of “disabled” or “not disabled” depending on a claimant’s age, education, vocational profile, and residual functional capacity. Based on those guidelines, the ALJ determined that Leyva could perform “sedentary work,” defined as “work which is generally performed while sitting and never requires lifting in excess of 10 pounds.” Leyva was, thus, deemed “not disabled” under the regulations.
Leyva contends that the Commissioner erred by (1) failing to find that his depression and lumbar disc disease are severe impairments and (2) using the medical vocational guidelines to deny disability at step five. We reject both contentions.[2]
With respect to Leyva’s depression, the ALJ’s findings were supported by substantial evidence. Though Leyva was diagnosed with “major depressive disorder,” the diagnosing doctor also observed that he did not have suicidal or homicidal tendencies and was “able to follow instructions and the topic of conversation.” Doctors who had previously examined Leyva indicated that his concentration was unimpaired, he was fully oriented, and he presented as only mildly anxious. Leyva admitted that he took care of his personal appearance and hygiene and that he was able to travel by public transportation. In short, neither Leyva’s testimony nor his medical records undermine the ALJ’s conclusion that Leyva’s depression was not severe.
Likewise, the only medical evidence of Leyva’s alleged back impairment was a CT scan of his chest, dated August 2005, that indicates “possible” central disc herniation. Prior CT scans had not found any central disc herniation, and no follow-up examination was conducted to confirm the “possible” diagnosis. Further, Leyva has never received treatment for his alleged back impairment. Under these circumstances, the ALJ did not err in concluding that Leyva did not have a severe back impairment.
Finally, our review of the record convinces us that the ALJ’s determination at step five was not error, nor was the ALJ’s use of the medical-vocational guidelines improper in this context.
*136 For the foregoing reasons, we affirm the judgment of the District Court.

. The District Court viewed this statement as a typographical error based on a later statement by the AU that Leyva's residuals of a fractured ankle were not severe. Both the District Court and the ALJ, however, went on to analyze steps three through five for Leyva's ankle injury; we therefore interpret the ALJ’s decision to be that the ankle injury was "severe" pursuant to step two.

. Leyva also takes issue with the fact that he was later deemed to be disabled as of March 31, 2006, one day after the ALJ issued his denial decision for the instant application. Leyva's subsequent disability application and adjudication, however, are not part of the administrative record and are, thus, outside the scope of our review. See Szubak v. Sec’y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir.1984) (new evidence must relate to period for which benefits were denied).