**Vera HUGHES, Plaintiff–Appellant,**

**v.**

**Donna E. SHALALA, Secretary, Health & Human Services, Defendant–Appellee.**

**No. 93–4976.**

United States Court of Appeals, Fifth Circuit.

June 28, 1994.

---

Donald E. Sample, Beaumont, TX, for plaintiff-appellant.

Joanna Tate, Dept. of Health & Human Services, Office of Gen. Counsel, Dallas, TX, for defendant-appellee.

Before WISDOM, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:

Vera Hughes appeals the Secretary's determination denying Hughes' disability benefits. We remand to allow the ALJ to apply the correct legal standard to its factual findings.

### I.

Vera Hughes applied for disability benefits and supplemental social security, alleging disability due to obesity, arthritis, and stomach pain. When the Secretary denied benefits, Hughes requested a hearing before an ALJ. ALJ Taylor held a hearing in January 1990 and held a supplemental hearing ten months later. When the ALJ denied her claim, Hughes requested and was denied review with the Appeals Council. Hughes then filed her appeal with the district court.

Hughes asserted that her obesity, arthritis and high blood pressure combined to meet or equal the listing of impairments for obesity. On cross-motions for summary judgment, the district court found that the Secretary's decision was supported by substantial evidence and affirmed the denial of benefits.

### II.

Hughes argues that the ALJ applied an incorrect standard in determining whether she met the requirements for disability under the listing for obesity.[1] We must ac-

---

1. Listing 10.10 provides in relevant part:      Obesity Weight equal to or greater than the

cept the Secretary's denial of benefits if it is based on substantial evidence. *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir.1989). However, where the Secretary relied on an incorrect legal standard in assessing the evidence, the denial must be reconsidered. *Id.*

■ Under Listing 10.10, Hughes must show both that she meets the obesity requirement and that she has a history of pain and limitation of motion in a weight bearing joint associated with x-ray evidence of arthritis in a weight bearing joint. It is undisputed that Hughes meets the height and weight requirement for obesity; she is 5′3″ and weighed from 334 pounds to 299 pounds. However, there is a dispute in the record as to whether x-ray evidence exists of arthritis in her knee.

The evidence shows that Hughes has a history of pain in her right knee. Her treating physician, Dr. Moore, found evidence of osteoarthritis and subluxating patella. Dr. Burkes examined Hughes at the request of the Social Security Department in September 1989. His report states that the diagnosis of osteoarthritis "has been supported by the following laboratory data: x-ray changes—laboratory records are available for review." The x-rays showed "minimal narrowing along the lateral compartment" of the right knee. Dr. Burkes also found a 35% limited range of motion in both knees and limited motion in both shoulders. However, there are radiology reports indicating that x-rays of Hughes' right knee were "normal" with "no bone or joint abnormality."

The ALJ found that Hughes did not have arthritis of a major weight bearing joint because she did "not have **marked** limitation of motion, nor x-ray evidence of **significant** joint space narrowing...." (emphasis added). Hughes argues that the ALJ applied the wrong legal standard if he required her to prove "marked limitation of motion" and "significant joint space narrowing."

We agree. The listing requires only that Hughes show "[h]istory of pain and limitation

of motion ... associated with x-ray evidence of arthritis." There is no requirement that the pain be severely limiting, that the limitation of motion be marked or that the x-ray evidence show significant joint space narrowing. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir.1991) (no requirement that claimant prove her restriction of motion is severely limiting); *Pitzer v. Sullivan*, 908 F.2d 502, 505 (9th Cir.1990) (no requirement that x-ray show more than minimal degenerative hypertrophic changes). The listing requires only limitation of motion and any amount of x-ray evidence of arthritis.

■ The record shows a dispute over whether there was x-ray evidence of arthritis. It could be that the ALJ relied on the radiologists' reports and found no credible x-ray evidence of any arthritis. But the ALJ's opinion is ambiguous. It may also be read as denying relief because the limitation of motion was not marked and x-ray evidence of arthritis was not significant. Because we are unable to determine if the ALJ used the correct legal standard, we remand this case to the Secretary for clarification of her findings in light of this opinion.

Accordingly, the judgment of the district court is vacated and this case is remanded to the Secretary for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

values specified in ... Table II for females (100 percent above desired level) and one of the following:
A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight bearing joint or spine. 20 C.F.R. Part 404, Subpt. P, App. 1.