**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-3802

———————

JULENE CHRISTIE,

Appellant.

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-09-cv-06400)
District Judge:  Honorable Freda L. Wolfson

Submitted under Third Circuit LAR 34.1(a)
on April 24, 2012

Before:  SLOVITER and ROTH, <u>Circuit Judges</u>
and POLLAK*, <u>District Judge</u>

(Opinion filed:  July 23, 2012)

———————

*Honorable Louis H. Pollak, United States District Judge for the Eastern District
of Pennsylvania, sat by designation.  Judge Pollak died on May 8, 2012; this opinion is
filed by a quorum of the court pursuant to 28 U.S.C. § 46 and Third Circuit IOP 12.1(b).

## OPINION

**ROTH,** <u>Circuit Judge</u>:

Julene Christie appeals the District Court's entry of summary judgment affirming the Commissioner of Social Security's denial of disability insurance benefits. For the reasons that follow, we will affirm the judgment of the District Court.

## I. **<u>Background</u>**

We write primarily for the parties who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This disability case commenced approximately seventeen years ago when Christie applied for benefits on April 30, 1995, alleging disability since December 1989 due to asthma, heart problems, arthritis, reading problems, emotional problems, and obesity. After her application was denied initially and on reconsideration, Christie requested a hearing before an administrative law judge. As a result of this hearing, the ALJ denied her claim. On August 27, 2001, however, the Appeals Council vacated the ALJ's dismissal order and remanded Christie's claim for a decision on the merits. While Christie's claim was pending before the Appeals Council, the Commissioner deleted the former Listing regulation for obesity, 64 Fed. Reg. 46122 (Aug. 24, 1999), and announced its intention to apply new regulations to pending claims, Social Security Ruling, SSR 02-01 p; 67 Fed. Reg. 57859 (Sept. 12, 2002); Social Security Ruling, SSR

00-03 p; 65 Fed. Reg. 31039, 31042 (May 15, 2000) (superseded by SSR 02-01 p).  On remand, an ALJ applied the modified obesity regulations and determined that Christie was not disabled.  The Appeals Council denied Christie's request for a review, and she appealed to the District Court.  The District Court vacated the ALJ's decision and remanded with instructions to apply the obesity regulations in effect when Christie's claim was initially adjudicated.  We affirmed.  *See Christie v. Comm' r of Soc. Sec. Admin.*, 267 F. App'x 146 (3d Cir. 2008).

On February 10, 2009, a second hearing was held, and an ALJ concluded that Christie was not disabled.  Although the ALJ determined that Christie's obesity, mild osteoarthritis, and low intellectual functioning constituted severe impairments, she nonetheless found that, both individually and in combination, the impairments did not meet or equal the criteria of any impairment contained in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app'x. 1, § 9.09 (1999).  Based upon evidence from a vocational expert, the ALJ also found that Christie could not perform her past jobs but that she retained the residual functional capacity to perform light work in the national economy.  The Appeals Council declined to assume jurisdiction, and Christie sought review in the District Court.  The District Court affirmed the Commissioner's final decision that Christie was not disabled; she appealed.

## II.  Discussion

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and review whether

3

substantial evidence supported the Commissioner's denial of benefits. 42 U.S.C. § 405(g); *McCrea v. Comm' r of Soc. Sec.,* 370 F.3d 357, 359 (3d Cir. 2004).

The regulations set forth a five-step process to determine whether a claimant meets the statutory standard for disability. 20 C.F.R. § 404.1520(a). Christie contends that the ALJ erred on step 3 because she failed to find that Christie was per se disabled under Listing 9.09A. *See id.* at § 404.1520(a)(4)(iii).

Christie has the burden of proving that her impairments either match or are equal in severity to § 9.09A. 68 Fed. Reg. 51153, 51154-55 (Aug. 26, 2003); *see Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992). Section 9.09A, the listing for obesity in effect when Christie's claim was initially adjudicated, provided that a woman is disabled due to obesity when she established "[w]eight equal to or greater than the values specified in . . . Table II [and] . . . A. History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine." 20 C.F.R. pt. 404, subpt. P, app'x. 1, § 9.09 (1999).

The parties do not dispute that Christie met the table requirements for obesity. With respect to the listing's additional requirement, § 9.09(A) requires the claimant to prove a minimal amount of pain, limitation or reduced range of motion, and medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine. *Ingram v. Chater*, 107 F.3d 598, 603 (8th Cir. 1997). Although the record indicates that Christie demonstrated a history of pain in her back and knees, she only established a reduced range of motion in her spine, without x-ray evidence of arthritis, and x-ray

4

evidence of arthritis in her right knee, without reduced range of motion. Because Christie

failed to prove, as she acknowledges, limitation of motion in the same area where she

produced x-ray evidence of arthritis, we conclude that substantial evidence supports the

ALJ's decision that Christie failed to meet the criteria in § 9.09A.[1] *See Hughes v.*

*Shalala*, 23 F.3d 957, 959 (5th Cir. 1994).

In an effort to save her claim, Christie asserts that the combined effect of her

impairments was medically equivalent under 20 C.F.R. § 404.1526(b)(1)(B)(ii) to §

9.09(A). This regulation provides that the Commission "will find that your impairment is

medically equivalent to that listing if you have other findings related to your impairment

that are at least of equal medical significance to the required criteria." 20 C.F.R. §

404.1526(b)(1)(B)(ii). Here, the ALJ reviewed and considered all available medical

evidence, including the medical expert Dr. Robert Sklaroff's (1) testimony that Christie's

intellectual functioning does not affect the obesity-related musculoskeletal findings or

impair her knee and back functioning and (2) findings that Christie's clinical

examinations indicated that she had only some minimal limitation of motion in her

lumbosacral spine, mild to moderate degenerative changes of the right knee and

lumbosacral spine, and that the x-ray evidence showed no left knee or spinal arthritis.

Based upon this evidence, the ALJ concluded that the combined effect of Christie's

impairments was not equivalent in severity to the former obesity listing. After reviewing

---

[1] Despite her concession that she cannot "squarely meet all the criteria of § 9.09(A)," Christie nevertheless claims that several purported errors in the medical expert Dr. Robert Sklaroff's testimony improperly influenced the ALJ's decision. We need not address this argument because, as concluded above, substantial evidence supports the ALJ's determination that Christie did not meet the requirements in § 9.09(A).

the record, we find that the medical evidence was adequate and that substantial evidence supported the ALJ's decision.

Christie additionally contends that the ALJ erred at step five of the inquiry when she (1) propounded a hypothetical question to Dr. Carolyn Rutherford, the vocational expert, that omitted some of Christie's impairments contained in the psychologist's, Dr. Gerald Zimmerman, report and (2) failed to mention or weigh the limitations contained in Dr. Zimmerman's report in her decision. *See* 20 C.F.R. § 404.1520(a)(4)(v). At this step, the Commissioner has the burden to prove that the claimant can perform less demanding work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). Hypothetical questions to vocational experts must accurately portray the claimant's impairments and cannot constitute substantial evidence if the question omitted any impairments that are medically established by the evidence on record. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

Christie's arguments are without merit. First, there is no evidence to support her assertion that the ALJ omitted limitations assessed by Dr. Zimmerman in the hypothetical to Dr. Rutherford. Instead, the record clearly indicates that the ALJ's hypothetical was accurately tailored to Christie's situation and included all limitations that were deemed credible and supported by the evidence. *See Johnson v. Comm' r of Soc. Sec.*, 529 F.3d 198, 206 (3d Cir. 2008). Christie's complaint that the ALJ failed to weigh Dr.

Zimmerman's report in her decision is similarly meritless; the findings contained in the report were consistent with the ALJ's opinion.[2]

## III. **Conclusion**

For the foregoing reasons, we will affirm the judgment entered by the District Court.

---

[2] Christie finally argues that the ALJ failed to make a credibility finding regarding Christie's statements and testimony. This argument is meritless. Not only was the ALJ's lengthy and thorough opinion clearly based upon a consideration of Christie's symptoms in light of all evidence on the record, but also, in circumstances such as these, where the ALJ relies heavily upon objective medical evidence in making her decision, a credibility finding is inherent in the decision to deny benefits. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).