NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3284
_____

FAITH E. CARTER,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. Civil Action No. 2-17-cv-00398)
District Judge: Honorable Alan N. Bloch
_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2019

Before: RESTREPO, ROTH and FISHER, Circuit Judges

(Opinion filed February 20, 2020)
_____

OPINION*
_____

ROTH, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Social Security claimant Faith Carter appeals from the District Court's affirmance of an Administrative Law Judge's (ALJ) determination that she did not satisfy step two of the five-step analysis used for Social Security disability claims. Finding substantial evidence to support the ALJ's decision, we will affirm the District Court's order.

I

On August 1, 2013, Carter filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning January 1, 2006.[1] The claim was initially denied on October 17, 2013, and Carter requested an ALJ hearing, which occurred on July 1, 2015.

On September 24, 2015, the ALJ denied Carter disability benefits under the Social Security Act. In her decision, the ALJ applied the five-step sequential disability evaluation process set forth in the Social Security regulations.[2] At step one, the ALJ found that Carter did not engage in substantial gainful activity after the alleged onset

---

[1] By Carter's request, this onset date was later amended to August 17, 2011. The ALJ found that Carter last met the insured status requirements of the Social Security Act on September 30, 2012, resulting in an eligibility period of just over a year.

[2] Administrative law judges follow a five-step sequential evaluation process to determine whether a claimant is disabled under the Act. The ALJ considers, in sequence, whether the claimant (1) is engaged in "substantial gainful activity," (2) has a severe medically determinable physical or mental impairment or combination of impairments, (3) has an impairment that meets or equals the requirements of one identified in the Commissioner's Listing of Impairments, (4) can return to her past relevant work, and (5) if not, whether she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). If the claimant is engaged in substantial gainful activity at step one, or if at step two she does not have a severe medically determinable impairment or combination of impairments that is severe and meets the duration requirement, the analysis does not proceed, and the claimant is found not to be disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(ii).

date. At step two, the ALJ found that Carter had the following medically determinable impairments: chronic obstructive pulmonary disease (COPD), diabetes mellitus type II under poor control due to medication non-compliance, generalized osteoarthritis, urinary incontinence associated with urinary tract infection, and obstructive sleep apnea.[3] However, the ALJ determined that in spite of these impairments, the evidence did not support significant limitations in work-related functioning. The ALJ therefore concluded that Carter was not disabled under the Social Security Act.

The ALJ's decision became the Commissioner's final decision on February 6, 2017, when the Appeals Council denied Carter's request for review. Carter then filed suit to challenge that decision. The District Court observed that Carter's arguments were "lacking in evidentiary support," and that Carter failed to "provide any explanation as to how the ALJ's analysis is unsupported by the medical record." The District Court concluded that the "ALJ thoroughly evaluated the medical record, and the ALJ's decision clearly shows why she made a finding at Step Two that Plaintiff had no severe impairments during the relevant period."

Carter appealed.

II[4]

---

[3] The ALJ also determined that Carter's anxiety disorder was not a medically determinable impairment and found "no evidence that anxiety has resulted in any limitation on the claimant's overall level of functioning" during the relevant timeframe. App. 24.

[4] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the Commissioner's factual findings for substantial evidence.[5] "Substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] It is a deferential standard that is satisfied by "more than a mere scintilla but may be somewhat less than a preponderance of the evidence."[7] In the process of reviewing the record for substantial evidence, courts may not "weigh the evidence or substitute [their] conclusions for those of the fact-finder."[8]

### III

Carter contends that the ALJ erred in failing to find that she established medically determinable impairments that met the severity and duration requirements of step two of the five-step evaluation process. She argues that (1) the ALJ and District Court erred in not applying the correct legal *de minimis* screening standard at step two and (2) the ALJ erred in failing to combine her medically determinable impairments with her obesity and migraine headaches to meet the severity and duration requirements at step two.

Carter's first argument does not merit remand. Although the "step-two inquiry is a *de minimis* screening device," we have held that a reviewing court should still apply the substantial evidence standard in a step-two denial case.[9] At step two, Carter was required

---

[5] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Under this standard, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

[6] *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 633 (3d Cir. 2010) (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)).

[7] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[8] *Williams v. Sullivan,* 970 F.2d 1178, 1182 (3d Cir. 1992).

[9] *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360–61 (3d Cir. 2004) (quoting *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003)).

4

to show that she had (1) a medically determinable impairment "shown by medically acceptable clinical and laboratory diagnostic techniques"[10] (2) that meets the duration requirement and (3) which significantly limited Carter's ability to perform basic work activities.[11] Only the third element is at issue here.

The ALJ's conclusion that Carter's medical conditions did not significantly limit her work-related activities is supported by substantial evidence. Most importantly, the ALJ noted that Carter's determinable impairments, and in particular her diabetes and respiratory ailments, either regularly tested as normal or readily responded to treatment across her medical history. The ALJ cited diagnostic testing performed during Carter's August 2011 hospitalization, at the start of the eligibility period, which revealed no abnormalities past her syncopal episode. In addition, the ALJ properly noted that Carter engaged in self-employed childcare during this period, including after the period of claimed disability, stating "[i]n fact, she appears to have been employed at least through November 14, 2012, when she reported . . . that her symptoms had become exacerbated when the young boy she was caring for after school did not get off the school bus."[12] The ALJ's opinion was therefore supported by substantial evidence.

Carter's second claim, that her medically determinable impairments were not considered in tandem with her obesity and migraines, also fails. She argues that Social

---

[10] 20 C.F.R. § 404.1521.

[11] *See* SSR 85-28, 1985 WL 56856, at *3 ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities . . . . Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking . . . .").

[12] App 22.

5

Security Ruling 02-1p requires a consideration of obesity in conjunction with her other impairments at step two. We have found that an ALJ indirectly considered obesity if the medical records relied on were sufficient to alert her that obesity could be a factor in the severity of the impairment.[13] The ALJ's opinion directly mentions that "morbid obesity" was diagnosed as a result of her June 2013 hospitalization, which is more than enough for us to conclude that the ALJ was sufficiently alerted to Carter's obesity.[14]

In any event, remand to reconsider her combined impairments is not required because Carter has relied on the language of SSR 02-1p stating that obesity *can* impair one's ability to perform basic work activities rather than specifying *how* her obesity or headaches affected her ability to perform basic work activities.[15] Indeed, Carter does not point to any medical evidence that her impairments, determinable or not, limit her ability to perform work activities. Her arguments instead rest on the severity of her symptoms independent of work activities.

Carter has therefore failed to demonstrate that the ALJ's findings were not supported by substantial evidence.

IV

---

[13] *Rutherford v. Barnhart*, 399 F.3d 546, 552–53 (3d Cir. 2005). *Rutherford* cites SSR 00-3p, 2000 WL 33952015, which discusses ALJ evaluations of obesity. SSR 00-3p has been superseded by SSR 02-1p, 2002 WL 34686281, but the relevant portions of the two rulings are identical and our analysis is "no different under the newer ruling." *Rutherford*, 399 F.3d at 552 n.4.

[14] App. 16.

[15] *Rutherford*, 399 F.3d at 552–53.

Accordingly, we will affirm the judgment of the District Court denying Carter's claim for benefits.